UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELYN SANDLING, a Minor, by her Mother and Next Friend, STEPHANIE SLEEMAN, and STEPHANIE SLEEMAN, Individually, | No. 1:24-cv-8077 |
| Plaintiffs, | Judge Franklin U. Valderrama |
| v. | |
| URBAN AIR TRAMPOLINE and ADVENTURE PARK, corporation, and ELIZABETH PHOULAVONG, | |
| Defendants. | |

ORDER

Defendant Chicago Urban Air, LLC[1] (Urban Air) owns and operates an indoor trampoline amusement park in Mokena, Illinois. Plaintiff Madelyn Sandling (Madelyn), a minor, was injured while on an attraction at Urban Air's amusement park. Stephanie Sleeman (Sleeman), Sandling's mother (collectively, Plaintiffs) sued Urban Air and Urban Air's general manager, Defendant Elizabeth Phoulavong (Phoulavong), in the Circuit Court of Cook County, Illinois, for negligence. Urban Air removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiffs are Illinois residents, Urban Air is a Texas limited liability company, and Phoulavong is a resident of Illinois. R.1,[2] Not. of Removal. While Phoulavong's

---

[1]Chicago Urban Air was incorrectly sued as Urban Air Trampoline and Amusement Park.

[2]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

citizenship would normally destroy complete diversity, Urban Air argues that she has been fraudulently joined in this lawsuit and her citizenship should be disregarded in assessing diversity jurisdiction. *Id*. Along similar lines, Phoulavong has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asserting that she has been wrongfully included in this case. *See generally* R.8, Mot. Dismiss.

Plaintiffs insist that Phoulavong has been rightfully included in this lawsuit and have filed a motion for remand to the Circuit Court of Cook County, R. 13, Mot. Remand. For the following reasons, the Court grants the Motion and denies Phoulavong's motion to dismiss as moot.[3]

### Background[4]

Urban Air operates several indoor trampoline and adventure parks, including one in Mokena, Illinois. Not. Removal, Exh. 1, Compl. ¶ 3. One attraction at the Mokena adventure park is the 'Stairway to Heaven." *Id*. ¶ 4. The "Stairway to Heaven" is an obstacle course in which one "climb[s] a series of tall platforms, creating the sensation of ascending to the sky." Urban Air Adventure Park, *Stairway to Heaven*, https://www.urbanair.com/attractions/stairway-to-heaven/ (last visited May 1, 2025). If one so wishes, Urban Air "trained staff" will affix a secure harness "so

---

[3]As Plaintiffs' motion to remand and Phoulavong's motion to dismiss rest on the same diversity of citizenship analysis, the Court simultaneously addresses the motion to remand and the motion to dismiss.

[4]In resolving a motion to remand, the Court "assumes the truth of the operative complaint's allegations at the time of removal but also may consider facts set forth in the notice of removal." *Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 808 (N.D. Ill. 2021) (citations omitted).

[one] may enjoy the experience safely." *Id*. Phoulavong is Urban Air's manager at the Mokena facility, and managed, maintained, and controlled the "Stairway to Heaven." Compl. ¶ 2, 4–6.

On February 4, 2024, Sleeman, and her daughter Madelyn visited Urban Air's Mokena adventure park. Compl. ¶ 6. During this visit, Madelyn decided to climb the Stairway to Heaven with the assistance of a harness. *Id*. ¶ 10. Unfortunately, while Madelyn was in the harness, the "self-belay/carabiner used to connect the harness to the webbing on the attraction snapped off, pulling [the top of Madelyn's pinky] finger off with it." *Id*. ¶ 10–11.

Plaintiffs sued Urban Air and Phoulavong in state court, asserting four claims: (1) negligence against Urban Air (Count I); reimbursement of hospital and medical expenses pursuant to the Family Expense Act against Urban Air (Count II); (3) negligence against Phoulavong (Count III); reimbursement of hospital and medical expenses pursuant to the Family Expense Act against Phoulavong (Count IV). *See generally*, Compl.

Urban Air subsequently filed a Notice of Removal and removed the case to this Court on the basis of diversity jurisdiction. *See* Not. of Removal. In its Notice of Removal, Urban Air argued that Plaintiffs improperly added Phoulavong as a defendant in an attempt to defeat diversity jurisdiction. Not. Removal ¶ 4. Phoulavong then moved to dismiss the complaint under Federal Rule 12(b)(6) arguing the same. Plaintiffs, in turn, filed a motion to remand the case back to state court due

to lack of subject matter jurisdiction. *See* Mot. Remand. This fully briefed motion is before the Court.

## Legal Standard

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapatthah Servs., Inc.*, 545 U.S. 546, 552 (2005). A case may only be brought in federal court when such a cause of action arises under a federal question, 28 U.S.C. § 1331, or where there is diversity of state citizenship and an amount-in-controversy exceeding $75,000, *id.* § 1332(a); *see Home Depot U.S.A., Inc. v. Jackson*, 537 U.S. 435, 438 (2019). Congress authorized federal courts to exercise diversity jurisdiction to protect "those who might otherwise suffer from local prejudice against out-of-state parties." *Hertz v. Friend*, 559 U.S. 77, 85 (2010).

A removing defendant in a diversity case must also abide by the forum defendant rule, codified at 28 U.S.C. § 1441(b). This rule prohibits removal in diversity cases when one of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 932 (N.D. Ill. 2017). Put differently, the "forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

4

"The party seeking removal has the burden of establishing federal jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Id.*; *see also Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.").

The Court may find that a party whose citizenship destroys diversity jurisdiction has been fraudulently joined to an action. *Morris*, 718 F.3d at 666. If the Court finds such fraudulent joinder, it may disregard the non-diverse defendant's inclusion when analyzing diversity of citizenship, assume jurisdiction over the case, and dismiss the non-diverse defendant. *Id.* At any time before final judgment, the court may remand a case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

## Analysis

Urban Air removed this case to federal court based on diversity jurisdiction, asserting that Plaintiffs' allegations against Phoulavong are unfounded and constitute fraudulent joinder. Not. Removal ¶ 4. In their motion to remand, Plaintiffs argue that the Court lacks subject matter jurisdiction over this case because Phoulavong is an Illinois resident, thereby defeating diversity jurisdiction. Mot. Remand ¶ 9. Phoulavong, for her part, moves to dismiss Plaintiffs' complaint, arguing that she was acting within the scope of her employment at the time of Madelyn's injury and therefore she is not independently liable to Plaintiffs.

5

## I.    Urban Air's Citizenship

As an initial matter, the Court addresses Urban Air's citizenship. While Plaintiffs do not challenge Urban Air's citizenship, the Court has an independent obligation to assure itself that is has subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Urban Air is a limited liability company (LLC). R. 15, Resp., at 2. For diversity purposes, the citizenship of a limited liability company is "based on the citizenship of its members. If any of the LLC's members are citizens of the same state as the opposing party, then there is no complete diversity." *J.P. Morgan Sec. LLC v. Cresset Asst Mgmt., LLC*, 2021 WL 5918879, *3 (N.D. Ill. Dec. 15, 2021) (cleaned up).[5] Determining the citizenship of an LLC sometimes poses a unique problem. Unlike corporations, which may be a citizen of one or two states at most, LLCs can have multiple citizenships among its members—and some of these members may even be LLCs themselves. *Calchi v. TopCo Assocs., LLC*, 2023 WL 3863355, *4 (N.D. Ill. June 7, 2023).

The party seeking to invoke the Court's federal subject matter jurisdiction—here, Urban Air—must establish the citizenship of each of the LLC's members. *Schur*, 577 F.3d at 758; *see also Rooflifters, LLC v. Nautilus Ins. Co.*, 2013 WL 3975382, at *4 (N.D. Ill. Aug. 1, 2013) (collecting cases finding that a removing defendant must

---

[5]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

identify the citizenship of an LLC in its notice of removal if the pleadings do not so identify). Urban Air has done so. In its Notice of Removal, supported by affidavit, Urban Air states it is an LLC with two members, Scott E. Davis and Heather C. Davis Not. Removal ¶ 3, Exhs. 2 and 3. At the time of the events in question, Scott E. Davis and Heather C. Davis were (and continue to be) citizens of Texas. *See id*.

Having satisfied itself that there is complete diversity between Plaintiffs and Urban Air, the Court now turns to the issue of fraudulent joinder.

## II.   Fraudulent Joinder

### A.   Legal Standard

"A plaintiff typically may choose its own forum but may not join a nondiverse defendant simply to destroy diversity jurisdiction. The 'fraudulent joinder doctrine' permits a district court considering removal to disregard . . . the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur*, 577 F.3d at 763 (cleaned up). "Despite the doctrine's name, actual fraud is not needed to successfully invoke fraudulent joinder." *Vaca v. Bridge Com. Real Est.-Illinois, LLC*, 2022 WL 2867098 at *2 (N.D. Ill. July 21, 2022) (cleaned up). "Fraudulent" in this context, is a term of art. *Poulos v. Naas Foods, Inc.*, 959 F.3d 69, 73 (7th Cir. 1992). The doctrine "is designed to strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove." *Morris*, 718 F.3d at 666 (cleaned up).

7

To successfully claim that a plaintiff has fraudulently joined a party in an effort to destroy diversity, a "removing defendant must show that, after resolving all issues of *fact and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris*, 718 F.3d at 666 (emphasis in original) (cleaned up). Put more simply, joinder is fraudulent when "the out-of-state defendant can show there exists no reasonable probability that a state court would rule against the [in-state] defendant." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (cleaned up).

A defendant bears a heavy burden to establish fraudulent joinder. *Schur*, 577 F.3d at 764. The standard of review applied to fraudulent joinder "is even more favorable to the non-movant than the standard for ruling on a motion to dismiss under Rule 12(b)(6)." *Thornton v. Hamilton Sundstrand Corp.*, 121 F. Supp. 3d 819, 826 (N.D. Ill. 2014) (cleaned up); *Schur*, 577 F.3d at 764 (same). Courts look "only to determine whether the claims against the nondiverse defendant are wholly insubstantial and frivolous. The question is whether defendants have shown that plaintiff could not state a claim against the nondiverse defendants," and "not whether plaintiff has stated a claim against them." *Alvarez v. Techalloy Co., Inc.*, 2022 WL 970568, at *1 (N.D. Ill. Mar. 31, 2022) (cleaned up).

### B.    Piercing the Pleadings

In evaluating a claim of fraudulent joinder, a court may in some circumstances "pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony." *Peters v. AMR Corp.*, 1995 WL 358843, *3 (N.D.

8

Ill. June 13, 1995) (cleaned up) ("[A] limited use of affidavits and other evidence is permissible so long as the evidence is not used to 'pre-try' the case."); *see also Elrod v. Bayer Corp.*, 2020 WL 4284416, *2 (N.D. Ill. July 27, 2020) (same). This inquiry is permissible when the evidence presents the court with "jurisdictional facts establishing the propriety of summarily dismissing the defendant, not with evidence going to the merits of Plaintiffs' claim." *Momans v. St. John's Nw. Mil. Acad., Inc.*, 2000 WL 33976543, at *4 (N.D. Ill. Apr. 20, 2000). Thus, a court may not consider the evidence if it "contains substantive denials of allegations and therefore goes to the merits of the case[.]" *Id.* "In reviewing the evidence, the Court must give the benefit of factual and legal inferences to the plaintiff." *Smith v. Phillip Morris USA Inc.,* 2019 WL 4750119, *8 (N.D. Ill. Sep. 30, 2019) (cleaned up).

Urban Air' Notice of Removal relies upon the affidavits of Scott Davis, Heather Davis, and Phoulavong. Resp., Exh. 2, Scott 1st Aff.; Resp., Exh. 3, Heather Aff.; Resp. Exh. 4, Scott 2nd Aff.; Resp., Exh. 5, Phoulavong 1st Aff; Resp., Exh. 6, Phoulavong 2nd Affidavit. The Court addresses each affidavit in turn.

In their first affidavits, Scott Davis and Heather Davis state the following:

(1)     Chicago Urban Air, LLC owns and runs the "Urban Air Adventure Park" in Mokena, IL where the alleged incident referenced in the Complaint occurred. Scott 1st Aff. ¶ 3, Heather Aff. ¶ 3.

(2)     At the time this action as commenced and since then, Chicago Urban Air, LLC was and is a Texas limited liability company organized and existing under the laws of the State of Texas[.] Scott 1st Aff. ¶ 4, Heather Aff. ¶ 4.

(3)     Chicago Urban Air, LLC has only 2 two Members, Scott E. Davis and Heather C. Davis. At the time this action was commenced, both Scott E. Davis and Heather C. Davis were, and are, citizens of the State of Texas.

9

Scott 1st Aff. ¶¶ 3–5, Heather Aff. ¶¶ 3–5.

The Court finds that it may consider the Davis's first affidavits in its fraudulent joinder analysis, as these affidavits do not go to the merits, but rather the jurisdictional issue before the Court.

In Scott Davis's second affidavit, he attests that Urban Air's trampoline park and attractions "were in compliance with all Illinois statutes and codes." Scott 2nd Aff. ¶ 3. Scott Davis further attests that the incident "alleged in Plaintiffs' Complaint is the first such incident of this kind with which I have been made aware of; no prior similar incidents have occurred at this facility of which I am aware involving the 'Stairway to Heaven' attraction." *Id.* ¶ 4. The Court finds this affidavit is targeted towards the merits of this case and will not consider it in the fraudulent joinder analysis.

In Phoulavong's first affidavit, she states that she is a general manager for Urban Air. Phoulavong 1st Aff. ¶ 8. She further attests that she is a citizen of Illinois and consents to the removal of this case to federal court. *Id.* ¶ 9. As this affidavit contains statements that go towards the jurisdictional issues before the Court, the Court finds that it may consider the affidavit in the analysis of fraudulent joinder analysis.

Phoulavong's second affidavit, however, states that the "incident alleged in Plaintiffs' Complaint is the first such incident of this kind with which I have been made aware of; no prior similar incidents have occurred at this facility of which I am aware involving the 'Stairway to Heaven' attraction." Phoulavong 2nd Affidavit ¶ 3.

10

The Court finds this affidavit is targeted towards the merits of this case and will not consider it in the fraudulent joinder analysis.

### C.    Analysis

The Court's fraudulent joinder analysis begins by determining if Plaintiffs would have any possibility of success on their claim for negligence Phoulavong. That is, a district court "must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to a judgment, is there any reasonable possibility that the judgment will be reversed on appeal?" *Poulos*, 959 F.2d at 73.

"[A] district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success." *Schur*, 577 F.3d at 764. "To state a cause of action for negligence [in Illinois], a complaint must allege facts that establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1053 (Ill. 2006). "Whether a duty exists is a question of law," *Thompson v. Gordon*, 948 N.E.3d 39, 45 (Ill. 2011), and Whether depends upon "whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Marshall*, 856 N.E.2d 1057.

To assess Plaintiffs' possibility of success in Illinois court in establishing these elements against Phoulavong, the Court must look to the law of agency. "The law of agency does not impute a duty that the principal owes to a third party onto an agent."

*Hoidas v. Wal-Mart Stores, Inc.*, 2010 WL 1790864, at *2 (N.D. Ill. Apr. 30, 2010). Further, "an agent who breaches a duty owed solely to his principal is not independently liable to an injured party." *Imber v. Home Depot USA, Inc.*, 2018 WL 5977923, at *2 (N.D. Ill. Nov. 14, 2018). In other words, Phoulavong (the agent), does not owe a duty of care to Plaintiffs simply because her employer, Urban Air (the principal), owes a duty of care to Plaintiffs. And if Phoulavong only breached a duty of care she owed to *Urban Air*, she is not liable to Plaintiffs. "[A] [negligence] claim with a reasonable possibility to succeed must at least suggest an *independent* duty that the [agent] owes to the plaintiff. *Hoidas*, 2010 WL 1790864 (emphasis added); *see also Schur*, 577 F.3d at 766 (citing *Bovan v. Am. Fam. Life Ins. Co.*, 897 N.E.2d 288, 295 (Ill. App. Ct. 2008) (Under Illinois law, an agent can be individually liable "in tort to a third party harmed by the agent's conduct when the agent breaches an independent duty that she owes to the third party."). Thus, the issue before the Court is whether Phoulavong owed a duty of care to Plaintiffs *independent* of any duty she owed to Urban Air.

In evaluating whether a defendant employee owed such an independent duty, courts consider whether a plaintiff has sufficiently alleged that the defendant employee is an "active tortfeasor." *Snyder v. Wal-Mart Stores, Inc.*, 2018 WL 1586246, at *6 (N.D. Ill. Apr. 2, 2018). A defendant employee becomes an "active tortfeasor" when "she caused the incident or actively contributed to the act which caused the incident." *Id.*; *see also Likens v. Menard, Inc.*, 2015 WL 3961635, at *3 (N.D. Ill. June 26, 2015) (Nevertheless, the pleaded facts indicate that the [defendant] employee

owed a duty to [plaintiff] independent of any duties the employee owed to [the employer]. [Plaintiff] has alleged that the employee was an active participant in the accident that caused the injury."); *Brady v. Menard, Inc.*, 2017 WL 201375, at *2 (N.D. Ill. Jan. 18, 2017) ("Some allegations, such as the failure to maintain the premises in a reasonably safe condition or the failure to provide adequate rules or protocols, clearly could not generate liability for individual employees. However, others, such as the failure to properly stack the wood or tie down the product, could present individual liability for the negligently stacking or tying employee.").

Plaintiffs argue that they have sufficiently alleged that Phoulavong is an active tortfeasor, and therefore owed an independent duty to Plaintiffs because she: (1) permitted patrons of Urban Air to navigate a trampoline attraction that was in an unreasonably dangerous condition; (2) failed to maintain the attraction in a safe and proper condition; (3) created a safety hazard by failing to maintain the attraction; (4) ignored prior occurrences which put her on notice of an unsafe condition; and (5) failed to warn invitees of the danger. Mot. Remand at 7. Plaintiffs therefore contend that there is a possibility of a claim against Phoulavong under Illinois law. Mot Remand at 4.

In response, Urban Air addresses each of these allegations individually, arguing that none indicate Phoulavong "caused the incident or actively contributed to the act which caused the incident." Resp. ¶ 8 (quoting *Snyder*, 2018 WL 1586246, at *6). The Court agrees that the first four of Plaintiffs' allegations are not independent duties that Phoulavong owed to Plaintiffs. Rather, these allegations

13

relate to potential breaches of duties that Phoulavong owed *solely* to Urban Air and thus cannot be a basis for Phoulavong's liability to third parties. *See Brady*, 2017 WL 201375, at *2 (Allegations "such as the failure to maintain the premises in a reasonably safe condition . . . clearly could not generate liability for individual employees."); *see also Roh v. Starbucks Corp.*, 2015 WL 232374, at *1 (N.D. Ill. Jan. 14, 2015) (allegation that defendant "was responsible for overseeing the safety, maintenance, and operations of the area" where the accident occurred is insufficient to allege the existence of an independent duty). However, Plaintiffs' allegation that Phoulavong owed Plaintiffs an independent duty because she "knew . . . that the Stairway To Heaven trampoline attraction presented a dangerous condition" and subsequently failed to warn Plaintiffs presents a much closer call. Compl. ¶ 9.

Recall that in evaluating whether Phoulavong owed an independent duty to Plaintiffs, the Court must consider whether Plaintiffs have sufficiently alleged that she is an "active tortfeasor." *Snyder*, 2018 WL 1586246, at *6. That is, the Court evaluates whether Plaintiffs have alleged that Phoulavong "caused the incident or actively contributed to the act which caused the incident." *Id*.

Again, Plaintiffs allege that Phoulavong contributed to the incident because she knew the Stairway to Heaven presented a dangerous condition and failed to warn anyone of that danger. Compl. ¶ 9. Urban Air rightly concedes that a "failure to warn is . . . a basis by which a defendant employee could owe an independent duty." Resp. ¶ 15 (cleaned up); *see also Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1022 (7th Cir. 2018) (A "duty to warn exists where there is unequal knowledge, actual

or constructive of a dangerous condition, and the defendant, possessed of such knowledge, knows or should know that harm might or could occur if no warning is given."). (cleaned up). Nonetheless, Urban Air argues that despite alleging Phoulavong's knowledge "generally," Plaintiffs' complaint fails to allege that Phoulavong had knowledge of "any specific information" regarding the Stairway to Heaven's dangerous condition.[6] *Id*. ¶ 16. From Urban Air's perspective, "Plaintiffs have failed to make any allegations that Phoulavong could have owed an independent duty to Plaintiffs outside of a duty to her employer." *Id*. ¶ 17 (cleaned up). The Court disagrees.

Like that of Sisyphus[7], Urban Air's burden in proving fraudulent joinder is steep and heavy: "[a] defendant's stringent burden of proof in establishing a claim of fraudulent joinder is not met merely by pointing to supposed defects in a plaintiff's pleading." *Hauck v. ConocoPhillips Co.*, 2006 WL 1596826, at *4 (S.D. Ill. June 6, 2006). Rather, "[t]he question is whether defendants have shown that plaintiff could not state a claim against the nondiverse defendants," and "not whether plaintiff has stated a claim against them." *Alvarez*, 2022 WL 970568, at *1 (cleaned up). Urban Air's argument regarding the specificity of Plaintiffs' complaint is thus unpersuasive,

---

[6]Urban Air also points to Phoulavong's 2nd Affidavit, stating that she "has affirmatively denied any prior such accidents which could plausibly give rise to the alleged notice." Resp. ¶ 16. However, the Court declines to consider Phoulavong's 2nd Affidavit in its fraudulent joinder analysis for the reasons stated *supra* at 11.

[7]In Greek mythology, Sisyphus' task was to roll an immense boulder up a hill, only for it to roll back down once he neared the top.

15

and it has failed to meet its heavy burden in establishing that removal was proper. *See Hauck*, 2006 WL 1596826 at *4 (granting motion to remand even though the court "agree[d] with [defendant employer] that, in all likelihood, Plaintiff's allegations against [defendant employee] could be pleaded with greater specificity.").

After resolving all questions of fact and law in favor of Plaintiffs, the Court finds that Plaintiffs have sufficiently alleged that Phoulavong owed them an independent duty, as they have alleged she actively contributed to Plaintiffs' injuries. *See* Compl. ¶ 9 (alleging Phoulavong "knew . . . that the Stairway To Heaven trampoline attraction presented a dangerous condition" and subsequently failed to warn Plaintiffs). And because it is reasonably possible that a state court could find for Plaintiffs against Phoulavong individually, she must be considered in determining whether complete diversity exists. Complete diversity does not exist, of course, as Plaintiffs and Phoulavong are both residents of Illinois. The Court therefore lacks subject matter jurisdiction and must remand this case to state court.

## Conclusion

For the reasons set forth above, Plaintiffs' Motion to Remand, R. 13, is granted. Phoulavong s' Motion to Dismiss, R. 8, is denied as moot.

Dated: May 2, 2025

Franklin U. Valderrama
United States District Judge

16